## PREEFER v. GORE.

Circuit Court, Palm Beach County, Civil Appeal.

June 23, 1955.

30

Harry Goodmark, West Palm Beach, for appellant.

W. S. Carmichael, West Palm Beach, for appellee.

JOSEPH S. WHITE, Circuit Judge.

This cause was heard June 14, 1955 upon an appeal from the final judgment of the small claims court of Palm Beach County, and argument of counsel.

The appellee has filed a motion to dismiss the appeal on the ground that it was not "sued out" within the proper time. The record discloses that the final judgment was entered February 22, 1955, and that notice of appeal was filed April 8, 1955. It was made returnable to May 25, 1955. The court is unable to observe any irregularity in such procedure.

The final judgment entered by the small claims court indicates that the amended statement of claim filed in that court February 11, 1955 was considered insufficient, and that the lower court granted defendant's motion to dismiss on the ground that the complaint "did not state a claim of action upon which relief may be granted."

Pleadings in the small claims court are required to be "concise in form and free from technicalities." It is also provided that "all rules and regulations relating to pleading, practice and procedure shall be liberally construed so as to administer justice."

The amended statement of claim alleges that plaintiff suffered damage as a proximate result of defendant's negligent and careless operation of his automobile. Such an allegation is sufficient to withstand a motion to dismiss. It is not proper or necessary for a plaintiff to negative contributory negligence. Contributory negligence is an affirmative defense. Until it is shown to the contrary, the law presumes that one injured by another's negligence did everything a reasonably prudent person would have done under the circumstances to protect his own safety. Furthermore, persons driving on public highways are entitled to assume that others using the highway will conform to traffic regulations and will use all means the law requires for the safety of others. It is not contribu-

tory negligence for one to fail to look out for or apprehend danger when no danger is apparent or indicated.

It seems to the court that the application of those principles requires a holding that the motion to dismiss addressed to the amended statement of claim should have been denied.

Thereupon, it is ordered and adjudged that the cause is reversed for further proceedings in the small claims court consistent with law. Court costs are assessed against the appellee.